IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

-------------------------------------------------
UNITED STATES OF AMERICA           :
                                   : CASE NO. 1:04CR601
                        Plaintiff  :
                                   :
         -vs-                      :
                                   : ORDER DENYING SENTENCE
JATANYAN WALL                      : REDUCTION PURSUANT TO 18 U.S.C.
                                   : § 3582(c)(2)
                        Defendant  :
                                   :
-------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 13 May 2009, Defendant, Jatanyan Wall, moved this Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10, and the 11 December 2007 decision of the United States Sentencing Commission to retroactively apply new cocaine base offense levels as enunciated in U.S.S.G. § 2D1.1. (Docket #38). The Government objects to Mr. Wall's motion. (Docket #39).

Specifically, Mr. Wall seeks to have his U.S.S.G. base offense reduced from a level 29 to a level 27 which, when combined with his criminal history category V, would reduce his sentence – in Count 2 of the Indictment for the Possession with Intent to

Distribute Crack Cocaine, and in Count 3 of the Indictment for the Possession with Intent to Distribute 3,4 - Methylenedioxymethamphetamine (MDMA), from a range of 140-175 months, to a range of 120-150 months. (Docket #38). The Government argues that because Mr. Wall was sentenced pursuant to a statutory mandatory minimum and not the guidelines, "the Court has no jurisdiction pursuant to 18 U.S.C. §3582(c)(2) to reduce" Mr. Wall's sentence. (Docket #39).

Mr. Wall concedes that he was subject to a 240-month mandatory minimum sentence, but argues that because the Court did not impose the mandatory minimum sentence and instead relied upon a guideline range, that has since been reduced, the Court has the authority to reduce his sentence. Mr. Wall's argument lacks merit because his sentence was not, in fact, imposed based on the Guidelines. "His sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706." U.S. v. Johnson, 564 F.3d 419, 423. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); accord United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). Thus, if Mr. Wall was "resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with" downward departures applied at original sentencing. Johnson, 564 F.3d at 423. Accordingly, because Mr. Wall "was subject to a statutory mandatory minimum term of 240 months, Amendment 706, even if it had been in effect at the time of the defendant's sentencing, would not have lowered the applicable guidelines range." Id.

Based on the foregoing, Mr. Wall's motion is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: 8 June 09